18-1183
SECT. B MAG. 1

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**TENDERED FOR FILING**

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

2018 FEB -b A 11: 00

WILLIAM W. BLEVINS
CLERK

**FEB 05 2018**

**U.S. DISTRICT COURT**
**Eastern District of Louisiana**
**Deputy Clerk** Timothy R. Rapp

| | |
|---|---|
| _____ <br> *Plaintiff(s)* <br> *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* <br> -v- <br><br> Ryan Zinke, Secretary, U.S. Department of the Interior <br><br> _____ <br> *Defendant(s)* <br> *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Case No. _____ <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial: *(check one)* ☑Yes ☐No |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.    **The Parties to This Complaint**

A.    **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Timothy R. Rapp |
| Street Address | 6850 Sharlands Ave., Unit R1103 |
| City and County | Reno, Washoe County |
| State and Zip Code | Nevada, 89523 |
| Telephone Number | (5090 624-2470 |
| E-mail Address | timr777@gmail.com |

B.    **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the Defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

$400.00

X Dktd
___ CtRmDep
___ Doc. No Page 1 of 6

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

    Name                            Ryan Zinke

    Job or Title *(if known)*     Secretary, U.S. Department of the Interior

    Street Address           1849 C Street. N.W.

    City and County         Washington, District of Columbia

    State and Zip Code      Maryland, 20240

    Telephone Number      (202) 208-3100

    E-mail Address *(if known)*

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Bureau of Safety and Environmental Enforcement, GOM Region, Houma District Office |
| Street Address | 3866 Hwy 56 |
| City and County | Houma, Terrebonne Parish |
| State and Zip Code | Louisiana, 70363 |
| Telephone Number | (985) 853-5884 |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me.

☑    Termination of my employment.

☐    Failure to promote me.

☐    Failure to accommodate my disability.

☑    Unequal terms and conditions of my employment.

☑    Retaliation.

☑    Other acts *(specify)*: Career-ending libel included in Notice of Termination has ended my Federal and Private Industry professional career. Termination during last month of 1 year probationary period to saddle me with relocation fees. Both are examples of continuing  harassment.

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

From January, 2014 to November

C.    I believe that defendant(s) *(check one)*:

☑    is/are still committing these acts against me.

☐    is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐    race    _____

☐    color    _____

☐    gender/sex    _____

☐    religion    _____

☑    national origin    Non-Cajun National Origin

☐    age *(year of birth)*    _____    *(only when asserting a claim of age discrimination.)*

☐    disability or perceived disability *(specify disability)*

_____

E.    The facts of my case are as follows.  Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

See Attached Summary: "Pro Se 7 Complaint for Employment Discrimination, Attached Summary", and attachment of a copy of the charges filed with my Bureau of Safety and Environmental Enforcement EEO complaint: "DI 1892 Complaint Form & harassment history".

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.      It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

January 23, 2017

B.      The Equal Employment Opportunity Commission *(check one)*:

☑    has not issued a Notice of Right to Sue letter.

☐    issued a Notice of Right to Sue letter, which I received on *(date)* _____ .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.      Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐    60 days or more have elapsed.

☐    less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

See Attached Summary: "V.   Relief - Plaintiff request to court for damages and other relief, Attached Summary"

---

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.       For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   2/1/2018

Signature of Plaintiff   _Timothy R Rapp_

Printed Name of Plaintiff   _Timothy R. Rapp_

### B.       For Attorneys

Date of signing:   _____

Signature of Attorney   _____

Printed Name of Attorney   _____

Bar Number   _____

Name of Law Firm   _____

Street Address   _____

State and Zip Code   _____

Telephone Number   _____

E-mail Address   _____

18 - 1183

SECT. B MAG. 1

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination,
Attached Summary                                                TENDERED FOR FILING

## E. The facts of my case are as follows:

FEB 05 2018

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

**Statement of Claim**

I was hired as a Petroleum Engineer by the Houma District office, Gulf of Mexico Region, Bureau of Safety and Environmental Enforcement (BSEE). My start date was December 1, 2013. While interviewing for the position I was told that I would begin employment in the Production Operations section, but on the first day of work was informed I would be working in the Well Operations section. I was employed in the Well Operations section for about 6 weeks when I was suddenly transferred to the Production Operations section. At the time I was given no explanation for the sudden job assignment change. Later when I brought up the subject with my Production Operations Supervisor Amy Wilson (because I was concerned with maximizing my performance and effectiveness as a BSEE Petroleum Engineer), I was told that it was simply to address staffing needs in the Production Operations Section.

My employment was terminated in the final month of my one year probationary period. Firing me with 3 weeks left in my one year probationary period saddled me with the relocation fees required to move from my Spokane, WA home to the Houma District office. This was a form of continuing harassment. Note: I recently paid off this debt with the U.S. Treasury to end collection efforts and interest accrual on the debt. A relative recently died and part of the small inheritance I received was used to pay off this debt.

The lie that was used to justify my termination: that I "became angry and verbally abusive" toward my co-worker Ronald Washington, and that I "followed Mr. Washington to his cubicle, blocked his entrance and stated "Save your smart comments for when I actually need your help"" is career-ending libel that has made me unemployable as a professional – a form of continuing harassment. The EEO complaint that I was forced to file to contest this career-ending libel (*Qui tacet consentire videtur*: "he who is silent is understood to consent") has contributed to ending my professional career by making me unemployable: I am labeled as "problem employee" – this is continuing harassment. Note to the court: I mentioned in my "DI-1892 Complaint form & harassment history" included with my January 23, 2017 official complaint filed with the BSEE EEO office that this alleged encounter did not happen as described and was a lie. I also mentioned it twice in my deposition with Rhonda Rhodes, Contract EEO investigator during the original deposition on June 20, 2017 (all records of which were "lost") and June 27, 2017. Bryan Domangue, BSEE Houma District Manager, whose office door is a few feet from Ronald Washington's cubicle entrance and about 8 paces from my former cubicle (easy hearing distance), and who was in his office that day, says in his June 20, 2017 deposition that he wasn't "present at the time".



A memo by my Supervisor Amy Wilson dated 5/16/2017 recounts the alleged incident, but this memorandum was not submitted under oath, and while she was deposed under oath by Rhonda Rhodes, Contract EEO investigator the specific incident was referenced in the memo but never discussed. Ronald Washington was never deposed under oath, so he also was not required to swear under oath that the incident had actually occurred as related.

From April 1, 2014 to November 4, 2014 I experienced 10 harassing incidents that are listed in the "Allegations of discrimination, additional pages" included in the "DI-1892 Complaint form & harassment history" for the time period from April 1, 2014 to November 4, 2014. Please see the copy of my charges filed with the BSEE EEO Officer when I filed my formal EEO complaint included with this civil suit filing.

As listed in the attached "DI 1892 Complaint Form & harassment history", on April 16 a production inspector James Hamilton suddenly commented "I bet I could throw you off the platform." We were on the third deck of a production platform during a tour, a few feet away from a railing and a 60 foot drop to the ground. The following week I mentioned it to the District Manager because I was trying to get an understanding if this sort of conduct was normal in that office and that agency. The District Manager's first response was that maybe I had somehow insulted James Hamilton and had provoked the comment. His next comment was "You think too much" (April 24, 2014, Brian M. Salerno,  BSEE Director, "BSEE is committed to zero tolerance for harassment").

One example of my commitment to my employment while employed as a Petroleum Engineer in the Houma District office and how it was ultimately managed by my Supervisor and The BSEE Houma District Manager: On February 11, 2014 in a conversation in the office with Lance Belanger, Inspector Supervisor, when I asked his advice for becoming proficient with production platform inspection process, He recommended that I do as many inspections as I could. I replied that would be my strategy to master production platform inspections. When I made that statement a "happy shout" came from the District Manager's office – he was obviously pleased with the approach to my work that I had decided upon. During the following months I scheduled the majority of my work week working offshore with the inspectors, and practiced completing inspections. Approximately 8 months later on October 7, 2014 Amy Wilson suddenly informed me verbally in the office that in the future she would be scheduling my production platform inspections, and they would continue at the increased level that I had initiated. i.e.: my willingness to voluntarily schedule many more inspections offshore per month offshore than the other Petroleum Engineers in the office (who typically scheduled the minimum number required)  had now become a mandated requirement. I was the only Production Operations engineer required to complete inspections offshore at the increased rate (Unequal terms and conditions of employment). Also, by mandating my increased rate of production platform inspections, my Supervisor eliminated the possibility of my increased rate of production inspections being recognized as "Excellent" or "Outstanding" professional performance, and instead it would be recognized in my annual review as "Satisfactory" (if I continued my increased rate of inspection activity).

Note to Court: I am requesting a jury trial for this Civil Suit.

18-1183

SECT. B MAG. 1

TENDERED FOR FILING

FEB 05 2018

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

## V. Relief - Plaintiff request to court for damages and other relief. Attached Summary

## Demands or other relief requested by the Plaintiff

I request all documentation in my Federal employment career file pertaining to the fraudulent justification for my employment termination in the BSEE Houma District office to be removed and replaced with documentation certifying that I departed my Petroleum Engineering position in good standing with BSEE.

## Financial/punitive reparations based on the fraudulent basis for my dismissal, and the attempt to end my career as a Federal professional.

Note to Court: Previous to this stage of the EEO process I only requested the fraudulent justification for my dismissal to be removed, the alleged relocation expense debt to be cancelled, and all prior seized moneys to pay down the alleged debt to be returned with interest (the same interest rate I was charged by the Federal Government on this alleged debt). Because I have been forced to sue my former employer in U.S. District Court to receive justice I am requesting additional financial punitive reparations.

The rest of my career as a Federal Engineer, assuming that I would reach a GS-13 career Petroleum Engineer level (not including cost of living increases). FERS uses the "rule of 80". This states that an employee must reach a combined 80 years when adding age and Federal Service. Estimate 14 years until reaching FERS retirement age.
66 years of age at retirment = 2028,
2028 - 2014 = 14,
14 + 66 = 80

1. Actual annual average cost of GS-11, , 12, and 13 Petroleum Engineer x 25% special rate increase x 33% actual annual cost of benefits (retirment, training, healthcare, etc. (Oral communication, Barbara Walker, 1/29/2018, BSEE Human Resources Specialist, 703-787-1692)) x number of years = total for time period.

   GS-11, step 2: 1 year (2015), $71,561.00 x 25% special rate = $89,451.00 x 33% benefits = $118,969.00 x 1 year = $118,969.00
   GS-12: step 2, 2 years (2016-2017), $81,679.00 x 25% special rate = $102,098 x 33% benefits = $135,790.00 x 2 years = $271,580.00

GS-13: 11 years (2017-2028), $105.501.00 x 25% special rate = $131,875.00 x 33% benefits = $175,393.00 x 11 years = $1,929,331.00

Total of lost wages: $2,319,880.00

Multiplier for Civil suits: 3X, $2,319,880 x 3 = $6,959,640.00

2. Stock liquidated to pay for living expenses, and move back to the western United States (Reno, NV) after employment was suddenly terminated:
$74222.86 x 3 = $222,668.00
3. Cost of relocation paid back to U.S. Treasury/BSEE + interest/administrative fees ($9,000 estimate), x 3 = $27,000.00

**Total financial damages sought: $7,209,308.00**