**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

TIMOTHY R. RAPP                                    CIVIL ACTION

VERSUS                                             NO. 18-1183

DEPARTMENT OF THE INTERIOR                         SECTION: "B"(1)
UNITED STATES

<u>ORDER AND REASONS</u>

Before the Court are Defendant Ryan Zinke in his capacity as Secretary of the Department of Interior's Motion for Partial Summary Judgment (Rec. Doc. 16), Plaintiff Timothy Rapp's Response in Opposition (Rec. Doc. 17)[1], and Defendant's Reply (Rec. Doc. 22). For the reasons discussed below,

**IT IS ORDERED** that the partial motion for summary judgment is **GRANTED**.

**FACTS AND PROCEDURAL HISTORY**

This is an employment discrimination case involving discriminatory garnishment and discriminatory discharge under Title VII. *See* Rec. Doc. 16-3 at 5. The instant motion only involves the discriminatory discharge claim. *See* Rec. Doc. 16 at 1.

Plaintiff is a former employee of the Department of the Interior ("DOI"). *See id*. He worked as a petroleum engineer in the Bureau of Safety and Environmental Enforcement. *See* Rec. Doc. 16-3 at 1.

_____

[1] On November 23, 2018, Plaintiff filed his Amended Reply to Response to Motion re: Defendant's Motion for Partial Summary Judgment (Rec. Doc. 25). It contains the same content contained in Plaintiff's Response in Opposition (Rec. Doc. 17).

Plaintiff began his employment with Defendant on December 1, 2013. *See id*. He was terminated on November 4, 2014. *See id*. According to Defendant, Plaintiff's termination notice cited two instances of Plaintiff's inappropriate workplace communications with co-workers. *See id*. at 2. Plaintiff states that one of the two instances "never happened and is completely fraudulent." *See* Rec. Doc. 17-2 at 2. Plaintiff also states that he has repeatedly asserted that response throughout his EEO process. *See id*. Defendant states that Plaintiff signed the termination notice to signify his receipt. *See* Rec. Doc. 16-3 at 2.

Plaintiff first contacted an Equal Employment Opportunity ("EEO") counselor on October 20, 2016. *See id*. In addition to alleging discriminatory garnishment in 2016, he alleged discriminatory discharge from DOI in 2014 based on his non-Cajun national origin. *See id*. Plaintiff filed a formal complaint on January 23, 2017. *See id*. DOI's Office of Civil Rights issued a final agency decision in November 2017 finding that Plaintiff was not subjected to unlawful employment discrimination. *See id*.

On February 23, 2018, Plaintiff filed an amended complaint alleging that DOI terminated him and recouped its relocation payments because of Plaintiff's non-Cajun national origin. *See* Rec. Doc. 3. Plaintiff seeks, *inter alia*, a letter from DOI stating that his employment ended in good standing as well as monetary damages in the amount of $10,399,133.00. *See* Rec. Doc. 3-2 at 1-3. On June 4, 2018,

Defendant answered with affirmative defenses. *See* Rec. Doc. 9. Subsequently, on August 23, 2018 Defendant filed the instant motion for summary judgment on the claim of discriminatory discharge.

**LAW AND ANALYSIS**

### A. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). *See also* T*IG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court should view all facts and evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixson Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006). Mere conclusory allegations are insufficient to defeat summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate

the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. If and when the movant carries this burden, the non-movant must then go beyond the pleadings and present other evidence to establish a genuine issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). "This court will not assume in the absence of any proof that the nonmoving party could or would prove the necessary facts, and will grant summary judgment in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the [non-movant]." *McCarty v. Hillstone Rest. Grp.*, 864 F.3d 354, 357 (5th Cir. 2017).

### B. Plaintiff Failed to Timely Exhaust Administrative Remedies

Pursuant to Title VII, employees of the federal government "shall be made free from any discrimination based on race, color, religion, sex, or national origin." *See* 42 U.S.C. § 2000e-16(a). Title VII grants an aggrieved federal employee the right to file suit in federal district court, but before suing, an employee must exhaust his administrative remedies against his federal employer.

*See Fitzgerald v. Secretary, Dept. of Veteran Affairs*, 121 F.3d 203, 206 (5th Cir. 1997).

If a federal government employee believes that he has been discriminated against on a said basis, he must first initiate contact with an EEO counselor within 45 days of date of alleged discriminatory conduct to try to informally resolve the matter. *See* 29 C.F.R. § 1614.105. If he fails to, he has failed to timely exhaust his administrative remedies and his claim is time barred, making future judicial action inappropriate. *See Raina v. Veneman*, 152 Fed. Appx. 348, 350 (5th Cir. 2005); *see also Baker v. McHugh*, 672 Fed. Appx. 357, 360 (5th Cir. 2016) (clarifying that 29 C.F.R. § 1614.105 operates as a statute of limitation to bar claims not timely raised before the employer agency).

In this case, Plaintiff failed to timely exhaust his administrative remedies. It is undisputed that Plaintiff was terminated on November 14, 2014. It is also undisputed that Plaintiff first contacted an EEO counselor on October 20, 2016. Plaintiff waited almost two years to contact an EEO counselor. Plaintiff argues that he timely exhausted his administrative remedies because when he contacted the EEO counselor, Defendant was making efforts to collect contingent relocation fees from him and those efforts are associated with the discriminatory harassment he received while employed.[2]

---

[2] Defendant made the decision to recoup relocation expenses in or around November 2014. *See* Rec. Doc. 26-4 at 1-2 (stating that soon after Plaintiff's termination, his immediate supervisor initiated an exit clearance and a claim for recoupment

5

Plaintiff's argument fails because he is making a claim for a discrete act, discriminatory discharge, and the recoupment of relocation expenses in 2016 cannot constitute an act of continuing hostile work environment harassment. *See Heath v. Bd. of Supervisors for the S. Univ. & Agric. & Mech. College, 850 F.3d 731, 737 (5th Cir. 2017) citing to AMTRAK v. Morgan*, 536 U.S. 101 (2002) ("Claims alleging discrete acts are not subject to the continuing violation doctrine; hostile workplace claims are."); *see also Morgan*, 536 U.S. at 114 ("Discrete acts [include] termination . . . .. Each incident of discrimination . . . constitutes a separate actionable unlawful employment practice. [Plaintiff] can only file a charge to cover discrete acts that occurred within the appropriate time period."). Therefore, Plaintiff's discriminatory discharge claim is dismissed as time barred.

New Orleans, Louisiana, this 7th day of March, 2019.


SENIOR UNITED STATES DISTRICT JUDGE

---

against Plaintiff was forwarded to the Finance Division of the Bureau of Safety and Environmental Enforcement).