UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TIMOTHY R. RAPP**                                                          **CIVIL ACTION**

**VERSUS**                                                                         **NO. 18-1183**

**DEPARTMENT OF THE INTERIOR**                               **SECTION: "B"(1)**
**UNITED STATES**

ORDER AND REASONS

Before the Court are defendant Ryan Zinke in his capacity as Secretary of the Department of Interior's motion for summary judgment on wage-garnishment claim (Rec. Doc. 26), *pro se* plaintiff Timothy Rapp's response in opposition (Rec. Doc. 27), defendant's reply (Rec. Doc. 30), plaintiff's motion to extend deadlines for discovery and other case related court activities (Rec. Doc. 37), and plaintiff's motion to compel discovery[1] (Rec. Doc. 38). For the reasons discussed below,

**IT IS ORDERED** that the motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion to extend deadlines for discovery and other case related court activities is **DENIED**.

**IT IS FURTHER ORDERED** that the motion to compel is **DENIED.**

**FACTS AND PROCEDURAL HISTORY**

This is an employment discrimination case involving discriminatory discharge and discriminatory wage-garnishment. The Court previously ruled on plaintiff's discriminatory discharge

---

[1] Motion referred to Magistrate Judge van Meerveld.

1

claim, dismissing it as time barred. *See* Rec. Doc. 33. The instant motion for summary judgment concerns plaintiff's discriminatory wage-garnishment claim. *See* Rec. Doc. 26 at 1.

Plaintiff is a former employee of the Department of the Interior ("DOI"). *See id*. He worked as a petroleum engineer in the Bureau of Safety and Environmental Enforcement ("BSEE"). *See* Rec. Doc. 16-3 at 1.

Prior to starting employment with DOI, on October 18, 2013, plaintiff signed a relocation agreement stating that if plaintiff failed to remain in federal government service for a period of 12 months following the effective date of his transfer, unless separated for reasons beyond his control and acceptable by the DOI/BSEE, then his relocation expenses shall be recoverable as a debt to the United States. *See* Rec. Doc. 26-3 at 2. His employment with the DOI lasted from December 1, 2013 until November 4 ,2014. *See id*. According to defendant, plaintiff's termination notice cited two instances of plaintiff's inappropriate workplace communications with co-workers. *See id*. Plaintiff states that one of the two instances never happened and is completely fraudulent. *See* Rec. Doc. 27-1 at 2.

During plaintiff's exit clearance, DOI/BSEE noted plaintiff's failure to remain in federal employment for at least 12 months triggered a discrepancy in his agreement as well as a claim for recoupment of his relocation expenses. *See* Rec. Doc. 26-3 at 2.

DOI/BSEE processed the claim for recoupment against plaintiff. *See id*. Plaintiff filed an objection. *See id*. DOI/BSEE sustained the collection action. *See id*. The recoupment debt was referred to the U.S. Department of Treasury, who enforced the debt through a garnishment of plaintiff's wages. *See id*. at 3.

On February 23, 2018, plaintiff filed an amended complaint alleging that DOI terminated him and recouped its relocation payments because of plaintiff's non-Cajun national origin. *See* Rec. Doc. 3. Plaintiff seeks, *inter alia*, monetary damages in the amount of $10,399,133.00. *See* Rec. Doc. 3-2 at 1-3.

**LAW AND ANALYSIS**

    **A. Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). *See also TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court should view all facts and evidence in the light most favorable to the non-

moving party. *United Fire & Cas. Co. v. Hixson Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Mere conclusory allegations are insufficient to defeat summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. If and when the movant carries this burden, the non-movant must then go beyond the pleadings and present other evidence to establish a genuine issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). "This court will not assume in the absence of any proof that the nonmoving party could or would prove the necessary facts, and will grant summary judgment in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment

in favor of the [non-movant]." *McCarty v. Hillstone Rest. Grp.*, 864 F.3d 354, 357 (5th Cir. 2017).

**B. Instant Motion for Partial Summary Judgment**

Pursuant to Title VII, employees of the federal government "shall be made free from any discrimination based on race, color, religion, sex, or national origin." *See* 42 U.S.C. § 2000e-16(a). To evaluate Title VII claims, a burden-shifting framework was established by the Supreme Court of the United States in *McDonnell Douglas Corp v. Green*, 411 U.S. 792 (1973). *See Chen v. Ochsner Clinic Found.*, 630 Fed. Appx. 218, 223 (5th Cir. 2015)(unpublished) citing to *Willis v. Cleco Corp.*, 749 F.3d 314, 320 (5th Cir. 2014).

Specifcally, to establish a *prima facie* case of national-origin discrimination, a plaintiff must prove that he was (1) a member of a protected class; (2) qualified for the position held; (3) subject to an adverse employment action; and (4) treated differently from others similarly situated. *See Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005). If each of the four elements are met, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the alleged discrimination, which may then be rebutted by the plaintiff as pretext. *See Willis*, 749 F.3d at 320; *see also Price v. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002)(stating that the third stage of the burden-shifting framework is to give the plaintiff a full and fair opportunity to show defendant's reason is a pretext

for discrimination). If each of the four elements are not met, the plaintiff is unable to establish a *prima facie* case and his claim fails. In other words, if the plaintiff cannot show with admissible evidence that a reasonable jury would find each of the four elements to be met, summary judgment is warranted. *See Abarca*, 404 F.3d at 941-42; *see also Anderson*, 477 U.S. at 248.

The pertinent issue here concerns the fourth element: whether there is a genuine issue of material fact as to whether plaintiff here was treated differently from others similarly situated. Defendant argues plaintiff has failed to prove that terminated employees with a Cajun national origin were treated more favorably that him.[2] *See* Rec. Doc. 26-3 at 6. Defendant points to the fact that the processor of plaintiff's recoupment debt confirms in a sworn declaration that she processed plaintiff's recoupment debt without regard for plaintiff's national origin. *See id*. at 7. She processed his recoupment debt the same way she processed five similar recoupment debts in previous years. *See id.*; *see also Abarca*, 404 F.3d at 941 (finding no reversible error where district court granted summary judgment when defendant offered deposition testimony of union president to show similarity in plaintiff's

---

[2] An "Acadian" or "Cajun" is one who identifies as part of their ancestry with someone who once lived in the French colony of "Acadia", later renamed "Nova Scotia." Title VII's national origin clause includes "Acadians" or "Cajuns" same as those with English, African, French, Iranian, Czechoslovakian, Portuguese, Polish, Mexican, Italian, Irish, et al., ancestors. *See Roach v. Dresser Indus. Valve & Instrument Div.*, 494 F. Supp. 215 (W.D. La. 1992).

process and previous processes). Plaintiff's supervisor was not personally involved in processing, evaluating, or deciding any aspect of the recoupment claim. *See* Rec. Doc. 30 at 3.

Plaintiff argues DOI fraudulently terminated him three weeks before his one-year probation period ended to end his career and destroy his 26-year professional reputation. *See* Rec. Doc. 27-1 at 2. Plaintiff offers no support for claiming DOI acted with fraudulent or discriminatory intent. *See McCarty*, 864 F.3d at 357 (stating that courts will not assume in the absence of any proof that the non-moving party could or would prove the necessary facts). Plaintiff states he is collecting documentation that will allow him to establish a *prima facie* case. *See* Rec. Doc. 27-1 at 3. In that regards he states defendants should have deposed other DOI/SEE personnel to uncover the discrimination he alleges. *See id.* at 4-5. There is no excusable neglect shown for his failure to depose witnesses.

Conclusory, unsupported contentions do not defeat summary judgment. *See Eason*, 73 F.3d at 1325 ("Mere conclusory allegations are insufficient to defeat summary judgment."). Most importantly, plaintiff fails to "identify any employee with [whom] he was similarly situated, but who was treated more favorably." *Abarca*, 404 F.3d at 941.

Because plaintiff clearly fails to establish a genuine issue as to a *prima facie* case of national-origin discrimination, the Court need not analyze whether defendant has identified a legitimate, non-discriminatory reason for plaintiff's wage

garnishment or give plaintiff further opportunity to show defendant's proffered reason is a pretext for discrimination.[3] Plaintiff offers no evidence to support his claim that DOI's motivation for the recoupment action against him was national-origin-based animus. *See Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. at 586 (stating that the non-movant must then go beyond the pleadings and present other evidence to establish a genuine issue). Accordingly, defendant's motion for summary judgment is granted and plaintiff's wage-garnishment claim is dismissed.

Plaintiff's effort to mitigate the untimely pursuit of supporting evidence for his claims, before or after filing this action, by seeking extended discovery fails to show how an extension would lead to supportive evidence. Therefore, the motions to compel and for discovery extension are denied. *See* Rec. Doc. Nos. 37, 38.

New Orleans, Louisiana, this 17th day of June, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] Even if plaintiff was able to establish a *prima facie* case of national-origin discrimination, DOI states that plaintiff was terminated during his probation period for inappropriate behavior in the workplace. 5 U.S.C § 5723(b) provided that money spent by the Government is recoverable as a debt if an individual does not remain in federal service for 12 months after his appointment. *See* Rec. Doc. 26-3 at 7-8. Beyond conclusory allegation, plaintiff offers no evidence that would allow a reasonable jury to find that the reasons on his termination notice were completely fraudulent and a pretext for his termination. It is undisputed that plaintiff was terminated before making 12 months of federal employment. While liberally construing his claims, the law treats him as a pro se litigant the same as represented ones.